UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: FISHER-PRICE ROCK 'N PLAY SLEEPER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:19-md-2903<br><br>Hon. Geoffrey W. Crawford<br><br>This Document Relates To: ALL CASES |

**FINAL ORDER APPROVING CLASS SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

**WHEREAS**, the Court, having considered the Settlement Agreement (ECF 349, the "Settlement" or "Settlement Agreement") between and among Plaintiffs Elizabeth Alfaro, Emily Barton, Linda Black, Luke Cuddy, Rebecca Drover, Megan Fieker, Karen Flores, Nancy Hanson, Jena Huey, Samantha Jacoby, Megan Kaden, Kerry Mandley, Cassandra Mulvey, Joshua Nadel, Melanie Nilius Nowlin, Daniel Pasternacki, Jessie Poppe, Katharine Shaffer, Emily Simmonds, Josie Willis, and Renee Wray (collectively, "Plaintiffs"), by and through counsel, and Defendants Fisher-Price, Inc. ("Fisher-Price") and Mattel, Inc. ("Mattel") (collectively, "Defendants" and, together with Plaintiffs, the "Parties"); the Court's August 26, 2024 Order granting Preliminary Approval of the Class Settlement, directing Notice to the Settlement Class, and scheduling a Final Approval Hearing, as amended (ECF No. 357) (the "Preliminary Approval Order"); having held a Final Approval Hearing on February 28, 2025; and having considered all of the submissions and arguments with respect to the Settlement Agreement and related documents and exhibits as well as the full record of this matter, and otherwise being fully informed, and good cause appearing therefore,

**IT IS HERBY ORDERED AS FOLLOWS:**

1.   This Final Order Approving Class Action Settlement and Certifying Settlement Class ("Final Order") incorporates herein and makes a part hereof, the Settlement Agreement and

1

its exhibits, and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order and accompanying Final Judgment.

2. The Court has personal jurisdiction over all parties in the Action, including, but not limited to all Settlement Class Members, and has subject matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the Settlement Agreement, grant final certification of the Class, settle and release all claims released in the Settlement Agreement, and dismiss the Action with prejudice and enter final judgment in each Action. Further, venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

### I. THE SETTLEMENT CLASS

3. Based on the record before the Court, including all submissions in support of the settlement set forth in the Settlement Agreement as well as the Settlement Agreement itself and its related documents and exhibits, the Court hereby confirms the certification of the following nationwide Settlement Class for settlement purposes only:

> All Persons in the United States, the District of Columbia, Puerto Rico, and all other United States territories and/or possessions who, during the Class Period, (a) purchased (including to be given as a gift to another Person) or acquired (including by gift) an RNPS, or (b) have an RNPS in their possession.
>
> Excluded from the Class are: (i) Persons who participated in the Recall and received a cash refund; (ii) Persons who purchased an RNPS for the sole purpose of resale to consumers at wholesale or retail, (iii) Defendants, their subsidiaries, and their legal representatives, successors, assignees, officers, directors and employees; (iv) Plaintiffs' Counsel; and (v) judicial officers and their immediate family members and associated court staff assigned to this case. In addition, persons or entities are not Settlement Class Members once they timely and properly exclude themselves from the Class, as provided in this Settlement Agreement, and once the exclusion request is finally approved by the Court.

"RNPS" means all models of the Fisher-Price Rock 'n Play Sleepers, including specifically those identified in the Settlement Agreement at Exhibit 1 (ECF 349-1). "Class Period" means January

1, 2009 to the present. "Claims Deadline" means the date by which all Claim Forms must be postmarked or received by the Settlement Administrator to be considered timely. "Recall" means the April 12, 2019 recall of RNPS jointly announced by the Consumer Product Safety Commission and Fisher-Price entitled "Fisher-Price Recalls Rock 'n Play Sleeper Due to Reports of Deaths," including all reannouncements and updates thereto.

4. The Court finds that only those persons/entities/organizations listed on Appendix A to this Final Order have timely and properly excluded themselves from the Settlement Class and, therefore, are not bound by this Final Order or the accompanying Final Judgment.

5. The Court confirms, for settlement purposes and conditioned upon the entry of the Final Order and Final Judgment and upon occurrence of the Final Effective Date, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23(a) and (b)(3):

> (a) <u>Numerosity:</u> The Court finds, for settlement purposes only, that the Settlement Class is ascertainable from Defendants' records as well as from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable. Here, there are up to 4.7 million potential Settlement Class Members. Therefore, the Court finds, for settlement purposes only, that the Rule 23(a)(1) numerosity requirement is met.
>
> (b) <u>Commonality:</u> The Court finds, for settlement purposes only, that the commonality requirement of Rule 23(a)(2) is satisfied because there are multiple questions of law and fact that are common to the Settlement Class. *See Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 37 (E.D.N.Y. 2008) ("A single common issue of law will satisfy the commonality requirement.").
>
> (c) <u>Typicality:</u> The Court finds, for settlement purposes only, that the Class

        Representatives' claims are typical of the other Settlement Class Members' claims because they concern the same alleged conduct, arise from the same legal theories, and allege the same types of harm and entitlement to relief. *See Shabazz v. Morgan Funding Corp.*, 269 F.R.D. 245, 250 (S.D.N.Y. 2010) ("Rule 23(a)(3) is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability."). Therefore, the Court finds, for settlement purposes only, that Rule 23(a)(3) is satisfied.

(d)     <u>Adequacy:</u>   The Court finds, for settlement purposes only, that the Class Representatives will fairly and adequately protect the interests of the Settlement Class in that: (i) the Class Representatives' interests and the nature of claims alleged are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the Class Representatives and the Settlement Class; and (iii) the Class Representatives and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting complex class actions. Therefore, the Court finds, for settlement purposes only, Rule 23(a)(4) is satisfied.

(e)     <u>Predominance and Superiority:</u> The Court finds, for settlement purposes only, that Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for Settlement Class Members in a single, coordinated proceeding is superior to individual lawsuits addressing the same issues.

6.     The Court grants final appointment of Plaintiffs Elizabeth Alfaro, Emily Barton,

Linda Black, Luke Cuddy, Rebecca Drover, Megan Fieker, Karen Flores, Nancy Hanson, Jena Huey, Samantha Jacoby, Megan Kaden, Kerry Mandley, Cassandra Mulvey, Joshua Nadel, Melanie Nilius Nowlin, Daniel Pasternacki, Jessie Poppe, Katharine Shaffer, Emily Simmonds, Josie Willis, Renee Wray as the Class Representatives. The Court finds that these Settlement Class Members have adequately represented the Class for purposes of entering into and implementing the Settlement Agreement.

7. The Court confirms the appointment of Demet Basar, James Eubank, and Paul Evans of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. as Class Counsel.

8. Plaintiffs and Class Counsel are authorized to take all appropriate action required or permitted to be taken by the Settlement Agreement to effectuate its terms.

9. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Class for settlement purposes only.

## II.  NOTICE TO SETTLEMENT CLASS MEMBERS

10. The record shows and the Court finds that the Class Notice has been given to the Class in the manner and form approved by the Court in its Preliminary Approval Order (ECF No. 357). The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Settlement Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or

entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

11.   The Court further finds that Defendants, through the Settlement Notice Administrator, provided notice of the settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. §1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period to comment or object to the Settlement Agreement before entering its Final Order and Final Judgment.

12.   The Settlement Administrator is authorized to continue its duties as set forth in the Settlement Agreement, and shall carry out all tasks set forth in the Settlement Agreement that are assigned to the Settlement Administrator and remain to be performed.

### III.   FINAL APPROVAL OF THE SETTLEMENT

13.   To warrant final approval pursuant to Rule 23(e)(2), the Court must find that the proposed Settlement is "fair, reasonable, and adequate" after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate—taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any the proposed methods of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. FED. R. CIV. P. 23(e)(2) (amended Dec. 2018).

14.   The Court hereby finally approves, in all respects, the Settlement as set forth in the Settlement Agreement and finds the following:

(a)   The Settlement Agreement, together with the exhibits appended thereto, is fair,

reasonable, and adequate under Rule 23(e)(2), after taking into account that the Class Representatives and Class Counsel have adequately represented the Settlement Class;

(b)  The Settlement was reached in the absence of collusion and is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel with the assistance and oversight of three highly-regarded mediators—Christopher Ekman, Jill R. Sperber, and the Honorable Margaret Morrow (Ret.);

(c)  The relief provided is adequate given: (i) the costs, risks and delay of trial and appeal, (ii) the proposed method of distributing relief to the Settlement Class, including the method of processing Claims; (iii) the terms of the proposed attorney's fees and timing of payment, and (iv) the remaining terms of the Settlement Agreement; and

(d)  The Settlement Agreement is fair, reasonable, and adequate considering the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974): "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Id.*

(e) The Settlement is in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law.

15. The Settlement Class Members were provided an opportunity to object to or opt out of the Settlement. Three (3) Settlement Class Members, identified on Appendix A, made valid and timely requests for exclusion are hereby excluded from the Settlement and are not bound by this Final Approval Order. The Court notes that there are no pending objections to the Settlement by any Settlement Class Member.

16. The Court hereby declares that the Settlement Agreement is binding on all Settlement Class Members, except those identified on Appendix A, and it is to be preclusive in the Action. The decisions of the Settlement Claims Administrator relating to the review, processing, determination and payment of Claims submitted pursuant to the Agreement are final and not appealable.

17. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement.

18. The Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Final Approval Order and Final Judgment and do not limit the rights of Settlement Class Members under the Settlement Agreement.

## IV. RELEASE AND DISMISSAL OF CLAIMS

19. All claims asserted against Defendants in the Action are hereby dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Settlement Agreement.

20. Upon entry of this Final Order and the Final Judgment, Plaintiffs, Class Representatives, and each Settlement Class Member (except those listed on Appendix A), on his or her own behalf and on behalf of his or her respective predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity to the extent he, she, or it is or will be entitled to assert any claim on behalf of any Settlement Class Member (the "Releasors"), hereby waive and release, forever discharge and hold harmless the Released Parties, and each of them, of and from any and all past, present and future claims, counterclaims, actions, rights or causes of action, liabilities, suits, demands, damages, losses, payments, judgments, debts, dues, sums of money, costs and expenses (including, without limitation, attorneys' fees and costs), accounts, bills, covenants, contracts, controversies, agreements, obligations, or promises, in law or in equity, contingent or non-contingent, known or unknown, suspected or unsuspected, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether patent or latent, concealed or overt, direct, representative, class or individual in nature, in any forum ("Claims") that the Releasors, and each of them, had, has, or may have in the future arising out of, in any way relating to, or in connection with, the RNPS that were or could have been asserted in the Action, including claims alleging false advertising, breach of implied warranties, Released Parties' statements or omissions or conduct regarding the Recall, and Released Parties' marketing, representations or omissions regarding the RNPS, including relating to the safety, detection or resolution of alleged concerns regarding the RNPS, including unknown claims ("Released Claims"); provided, however, that the Released Claims shall not include claims for wrongful death, personal injury and property damage.

21. By not excluding themselves from the Action and to the fullest extent they may

lawfully waive such rights, all Class Representatives and Settlement Class Members are deemed to acknowledge and waive Section 1542 of the Civil Code of the State of California and any law of any state or territory that is equivalent to Section 1542. Section 1542 provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

22.     The Court orders that the Settlement Agreement shall be the exclusive remedy for all claims released in the Settlement Agreement for all Settlement Class Members not listed on Appendix A.

## V.     STAY/BAR OF OTHER PROCEEDINGS

23.     All Class Representatives, Settlement Class Members and their representatives are hereby permanently barred and enjoined from, either directly, through their representatives, or in any other capacity instituting, commencing, filing, maintaining, continuing or prosecuting against any of the Released Parties (as that term is defined in the Settlement Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action covered by the Release. In addition, all Class Representatives, Settlement Class Members and all persons in active concert or participation with Settlement Class Members are permanently barred and enjoined from organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing, as a purported class action, any lawsuit based on or relating to the claims and causes of action in the Consolidated Class Action Complaint in the Action, or the Release in the Settlement Agreement Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and the exceptions to the Anti-Injunction Act, 28 U.S.C. § 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the settlement as set forth in the Settlement Agreement,

and the Action.

### VI.   QUALIFIED SETTLEMENT FUND

24.     The Court finds that the Settlement Fund is to be a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The Settlement Fund is to be established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

(b) The Settlement Fund is to be established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

(c) The assets of the Settlement Fund are to be segregated from other assets of Defendants, the transferors of the payment to the Settlement Fund, and are controlled by the terms of the Settlement Agreement.

25.     Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that Defendants may elect to treat the Settlement Fund as coming into existence as a "qualified settlement fund" on the latter of the date the Settlement Fund meets the requirements of Paragraphs 24(b) and 24(c) of this Order or January 1 of the calendar year in which all of the requirements of Paragraph 24 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Funds on such date shall be treated as having been transferred to the Settlement Fund on that date.

26.     All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered to be a Settlement Administration Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation,

taxes payable by reason of any such indemnification payments).

27. Any funds in the Settlement Fund Account in excess of $250,000.00 (two hundred fifty thousand United States Dollars) shall be invested in short term United States Agency or Treasury Securities, or a mutual fund invested solely in such instruments, and shall collect and reinvest all earnings accrued thereon. Any funds held in the Settlement Fund Account in an amount of less than $250,000.00 may be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") or may be invested as funds in excess of $250,000.00 are invested. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check clearing process.

28. All funds held in the Settlement Fund Account relating to the Settlement shall be deemed to be in the custody of the Court until such time as the funds shall be distributed to Settlement Class Members or otherwise disbursed pursuant to the Settlement Agreement or further order of the Court.

29. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to the Settlement Agreement.

### VII.  ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

30. Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." FED. R. CIV. P. 23(h); *see Pearlman v. Cablevision Sys. Corp.*, No. 10-CV-4992 (JS) (AKT) 2019 WL 3974358, at *3 (E.D.N.Y. Aug. 20, 2019).

31. The Court approves as fair and reasonable payment of attorneys' fees to Class Counsel in the amount of $5,320,000 plus their expenses of $825,000. These amounts shall be

paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

32. In determining the reasonableness of the Class Counsel's requested fee, the Court used a "percentage-of-recovery" method of calculation, which consistent with the trend in the Second Circuit. *See Hens v. Clientlogic Operating Corp.*, No. 05-CV-381S, 2010 WL 5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (citing *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir.2010)). Further, the Court considered the factors announced in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 48–49 (2d Cir. 2000): "(1) counsel's time and labor; (2) the litigation's complexities and magnitude; (3) the litigation risks; (4) quality of representation; (5) the relationship of the requested fee to the settlement; and (6) considerations of public policy." *See Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436 (2d Cir. 2007) (citing *Goldberger*, 209 F.3d at 49–50).

33. Class Counsel's requested fee of $5,320,000 amounts to 28% of the Settlement Fund, which is fair, reasonable, and well within the range typically awarded in class action settlements in the Second Circuit. *See, e.g., de la Cruz v. Manhattan Parking Grp. LLC*, No. 20-CV-977 (BCM), 2022 WL 3155399, at *4 (S.D.N.Y. Aug. 8, 2022) ("the percentage of the fund awarded generally falls within a range of 15% to 33%" (quotation omitted)).

34. The fairness and reasonableness of the requested fee is confirmed when cross-checked against Plaintiffs' Counsel's lodestar, which results in a negative multiplier. A negative multiplier "militates very in favor of the reasonableness of the fee request, particularly in light of the fact that courts generally grant fees with positive multipliers to reflect the complexity and risks undertaken by class counsel." *Beebe v. V&J Nat'l Enterprises, LLC*, No. 17-CV-6075 (EAW), 2020 WL 2833009, at *9 (W.D.N.Y. June 1, 2020) (quotation omitted).

35. The expense reimbursement is also fair and reasonable, and the expenses incurred

were necessary for the effective prosecution of the case.

36.  Class Counsel shall allocate and distribute, in their sole discretion, the amount of attorneys' fees and expenses awarded by the Court to Plaintiffs' Counsel.

37.  Further, it is within the Court's discretion to grant service awards to the Class Representatives. *See Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 722 (2d Cir. 2023). Service awards "are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by plaintiffs." *Fero v. Excellus Health Plan, Inc.*, No. 15-CV-06569 (EAW), 2022 WL 1292133, at *3 (W.D.N.Y. Apr. 29, 2022).

38.  The Court approves service award payments of $3,500.00 each to Class Representatives Elizabeth Alfaro, Emily Barton, Linda Black, Luke Cuddy, Rebecca Drover, Megan Fieker, Karen Flores, Nancy Hanson, Jena Huey, Samantha Jacoby, Megan Kaden, Kerry Mandley, Cassandra Mulvey, Joshua Nadel, Melanie Nilius Nowlin, Daniel Pasternacki, Jessie Poppe, Katharine Shaffer, Emily Simmonds, Josie Willis, and Renee Wray. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

## VIII.  OTHER PROVISIONS

39.  The Court orders that Defendants may destroy all RNPS and/or parts to RNPS currently in their possession; provided, however, that Defendants shall preserve five (5) RNPS for each SKU currently in Defendants' possession, where available, for a period of two (2) years from the Effective Date, after which Defendants may destroy the remaining RNPS.

40.  Any confidential information made available to Class Representatives and Class Counsel through the settlement process shall not be disclosed to third parties (other than experts or consultants retained by Class Representatives in connection with the Action); shall not be the

subject of public comment; shall not be used by Class Representatives or Class Counsel in any way in this litigation or otherwise should the Settlement Agreement not be achieved; and shall be returned if a settlement is not concluded; provided, however, that nothing contained herein shall prohibit Class Representatives from seeking such information through formal discovery if not previously requested through formal discovery or from referring to the existence of such information in connection with the settlement of the Action.

41. Without affecting the finality of this Final Order or the accompanying Final Judgment, the Court retains continuing and exclusive jurisdiction over the Action and all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, to protect and effectuate this Final Order and the accompanying Final Judgment, and for any other necessary purpose. The Parties, the Class Representatives, and each Settlement Class Member not listed on Appendix A are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the exhibits thereto, and only for such purposes.

42. In the event that the Final Effective Date does not occur, certification of the Class shall be automatically vacated and this Final Order and the accompanying Final Judgment, and other orders entered in connection with the Settlement Agreement and releases delivered in connection with the Settlement Agreement, shall be vacated and rendered null and void as provided by the Settlement Agreement.

43. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the

Parties may, without further order of the Court, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order and the accompanying Final Judgment and do not limit the rights of Settlement Class Members under the Settlement Agreement.

44. Nothing in this Final Order or the accompanying Final Judgment shall preclude any action in this Court to enforce the terms of the Settlement Agreement.

45. Neither this Final Order nor the accompanying Final Judgment (nor any document related to the Settlement Agreement) is or shall be construed as an admission by the Parties. Neither the Settlement Agreement (or its exhibits), this Final Order, the accompanying Final Judgment, or any document related to the Settlement Agreement shall be offered in any proceeding as evidence against any of the Parties of any fact or legal claim; provided, however, that Fisher-Price, Mattel, and the Released Parties may file any and all such documents in support of any defense that the Settlement Agreement, this Final Order, the accompanying Final Judgment and any other related document is binding on and shall have *res judicata*, collateral estoppel, and/or preclusive effect in any pending or future lawsuit by any person or entity who is subject to the release described above, in Paragraphs 14-19, asserting a released claim against any of the Released Parties.

46. This Court retains jurisdiction to consider all further matters and applications arising out of or connected with the Settlement Agreement.

**SO ORDERED** this 28th day of February 2025.

/s/ Geoffrey W. Crawford
United States District Judge